IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GERALD SANDERS,

                                   ORDER

              Plaintiff,

                          09-cv-623-bbc

      v.

ERIC SHINSEKI, Secretary of V.A.,
DEBRA THOMPSON, Director of
the Madison V.A. Hospital,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is a proposed civil action for monetary relief in which plaintiff Gerald Sanders, alleges that doctors at the veterans hospital in Madison, Wisconsin have failed to provide him with adequate medical treatment by refusing to remove bullet fragments from his body and failing to properly treat his hepatitis C and his back and neck problems. Plaintiff has asked for leave to proceed in forma pauperis and has supported his request with an affidavit of indigency. The standard for determining whether plaintiff qualifies for indigent status is the following:

- From plaintiff's annual gross income, the court subtracts $3700 for each dependent excluding the plaintiff.

- If the balance is less than $16,000, the plaintiff may proceed without any prepayment of fees and costs.

- If the balance is greater than $16,000 but less than $32,000, the plaintiff

1

must prepay half the fees and costs.

● If the balance is greater than $32,000, the plaintiff must prepay all fees and

costs.

● Substantial assets or debts require individual consideration.

In this case, plaintiff has no dependents.  His monthly income is $985, which makes

his annual income $11,820.  Because plaintiff's income is less than $16,000, he can proceed

without any prepayment of fees or costs.

 In addressing any pro se litigant's complaint, the court must read the allegations of

the complaint generously.  Haines v. Kerner, 404 U.S. 519, 521 (1972).  However, because

plaintiff is requesting leave to proceed without prepayment of costs, his complaint must be

dismissed if it is legally frivolous, malicious, fails to state a claim upon which relief may be

granted or asks for money damages from a defendant who by law cannot be sued for money

damages.  28 U.S.C. § 1915(e)(2)(B).

Plaintiff's complaint has two problems.  First, he has named the wrong defendants in

his complaint.  The Federal Tort Claims Act provides the exclusive remedy for any individual

seeking recovery for damages caused by the negligent or wrongful act of an employee of the

federal government, 28 U.S.C. § 2679(a), including medical malpractice by employees of the

Veterans Administration.   38 U.S.C. § 7316.   The United States is the only proper

defendant in an action under the act. 28 U.S.C. § 2679(b)(1); Jackson v. Kotter, 541 F.3d

688 (7th Cir. 2008).

It would be easy enough to amend the caption, but plaintiff's complaint has another

problem as well.  He fails to allege that he exhausted his administrative remedies as required

by 28 U.S.C. § 2675.  Under that statute, plaintiff may not bring a claim in federal court

until he has "first presented the claim to the appropriate Federal agency," which means he

 must "provid[e] written notification of an incident and reques[t] money damages in sum

certain."  Deloria v. Veterans Administration, 927 F.2d 1009, 1011 (7th Cir. 1991).  A

plaintiff has two years after the claim accrues to present his claim to the federal agency.  28

U.S.C. § 2401(b).

       "The usual practice under the Federal Rules is to regard exhaustion as an affirmative

defense" that may be waived.  Jones v. Bock, 549 U.S. 199 (2007). However, in McNeil v.

United States, 508 U.S. 106, 113 (1993), the Supreme Court upheld a decision of the Court

of Appeals for the Seventh Circuit affirming the district court's decision to dismiss a tort

claim action for lack of jurisdiction because the plaintiff had failed to satisfy the exhaustion

requirement under the Federal Tort Claims Act. The court of appeals repeated its holding

that the act's exhaustion requirement is a jurisdictional prerequisite to a suit in Sullivan v.

United States, 21 F.3d 198, 206 (7th Cir. 1994) (citing Deloria, 927 F.2d at 1011).

Because those decisions have not been overturned by Jones, I am bound by them.


                                  ORDER

     IT IS ORDERED that plaintiff Gerald Sanders may have until November 6, 2009,

to show that he has exhausted his administrative remedies as required by 28 U.S.C. § 2675.


                                     3

If plaintiff fails to respond by that date, the clerk of court is directed to close the case.

Entered this 26ᵗʰ day of October, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge